**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **SHIELD INDUSTRIAL COATINGS, LLC,**<br>　*Plaintiff/Counter-Defendant*,<br><br>V.<br><br>**SHIELD LINERS, LLC, COLTON W. FULTZ, and JESSICA FULTZ,**<br>　*Defendants/Counter-Plaintiffs/Cross-Plaintiffs*,<br><br>V.<br><br>**MICHAEL WITT and KRAIG KILLOUGH,**<br>　*Third-Party Defendants/Cross-Defendants*. | §§§§§§§§§§§§§§§§§§§<br><br>CIVIL CASE NO. 4:24-CV-01753-AHB<br><br>**(JURY DEMANDED)** |

**DECLARATION OF LEMA MOUSILLI IN SUPPORT OF**
**DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE TO (D.I. 41)**
**SHIELD INDUSTRIAL COATINGS, LLC'S MOTION FOR SUMMARY JUDGMENT**

　　I, <u>Lema Mousilli</u>, hereby declare the following, which is true and correct based on my personal knowledge, or, where stated, based on information and belief:

　　1.　My name is Lema Mousilli, and I am not a party to this action. I am an attorney at law duly licensed to practice before all courts in the State of Texas. I am the founding partner of MOUSILLI LAW, PLLC, counsel of record for Defendants, Shield Liners, LLC ("**Shield Liners**"), Colton W. Fultz ("**C.Fultz**"), and Jessica Fultz ("**J.Fultz**") (collectively, "**Defendants**"), in this action. I assert the facts set forth herein, which are true and correct based on my personal knowledge, unless specifically stated as based on information and belief, and, if called as a witness, I could, and would, competently testify thereto.

P a g e  **1 | 4**

[DECLARATION OF LEMA MOUSILLI IN SUPPORT OF DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE TO (D.I. 41) SHIELD INDUSTRIAL COATING, LLC'S MOTION FOR SUMMARY JUDGMENT]   Case No.: 4:24-CV-01753-AHB

2. I submit this declaration in support of Defendants/Counter-Plaintiffs, Shield Liner, LLC, Colton W. Fultz ("**C.Fultz**"), and Jessica Fultz's ("**J.Fultz**") (collectively, "**Defendants**"), *Response to (D.I. 41) Shield Industrial Coatings, LLC's Motion for Summary Judgment* ("**Motion**").

3. In February of 2025, Plaintiff's counsel email me to ask if the depositions of Defendants could be scheduled for mid to late March. *See* **Exhibit 1-A** at 10.

4. On March 24, 2025, I responded that Defendants were available for depositions on April 11, 14, 17, and 18. *Id*. at 8. Plaintiff's counsel also requested dates for a corporate representative, but had not yet provided topics at that time. *Id*. at 7-8.

5. On April 1, 2025, Plaintiff's counsel noticed the depositions of Defendant J.Fultz for April 11, 2025 at 10:00 a.m. and Defendant C.Fultz for April 11, 2025 at 2:00 p.m. *Id*. at 6. On April 3, 2025, Plaintiff's counsel sought to move the depositions to the following Friday, April 18, 2025, but I indicated that the new date would not work. *Id*. at 5. Then, just three days before the scheduled depositions, Plaintiffs' counsel unilaterally canceled them due to family issues, requesting dates in the next few weeks. *Id*. at 3-4.

6. Since that time, Plaintiffs' counsel made no meaningful effort to reset the depositions until less than a month before the close of discovery, when, on May 27, 2025, Plaintiff's counsel reached out requesting to depose Defendants during the week of either June 16 or 23. *See* **Exhibit 1-B** at 11. On June 9, 2025, I responded that Defendant J.Fultz was available either of June 17 or 18 and Defendant C.Fultz was available on June 20. *Id*. at 9.

7. On June 10, 2025, Plaintiff's counsel confirmed June 18 for Defendant J.Fultz and June 20 for Defendant C.Fultz. *Id*. at 8. However, that morning, prior to Plaintiff's counsel's email, Defendant J.Fultz indicated she was no longer available June 18, and I informed Plaintiff's counsel and reiterated that Defendant C.Fultz remained unavailable June 16–20 due to work obligations.

P a g e  2 | 4

[DECLARATION OF LEMA MOUSILLI IN SUPPORT OF DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE TO (D.I. 41) SHIELD INDUSTRIAL COATING, LLC'S MOTION FOR SUMMARY JUDGMENT]   Case No.: 4:24-CV-01753-AHB

*Id*. at 7. Having not received any confirmation of dates nor any notices of deposition, on June 14, 2025, I noted that I was no longer available on June 17 or June 20 due to scheduled hearings in other matters. *Id*. at 5-6.

8. On June 16, 2025, Plaintiff's counsel requested dates past the discovery deadline, seeking to depose Defendants the weeks of July 7 and 14, with the possibility of the weeks of July 21 and 28 pending the resolution of a case that was currently set for a trial setting those two weeks. *Id*. at 3. On June 25, 2025, I responded that discovery was now closed and, Plaintiff's counsel's unilateral cancellation of the depositions in April and failure to promptly reschedule is not sufficient justification to force Defendants to appear for a deposition after the deadline. *Id*. at 1.

9. Contrary to Plaintiff's allegations, this is not a case where Defendants have evaded discovery. Rather, Defendants have remained cooperative and responsive throughout the process. Plaintiff's counsel, on the other hand, unilaterally canceled the original depositions at the last minute and then simply allowed weeks to pass without rescheduling, only to attempt to rush in the final days of discovery to set depositions on dates already identified as unavailable. This is further shown in Plaintiff's additional failure to properly move for this Court to consider compelling Defendants to appear, including by failing to comply with this Court's Rules. *See* D.I. 36-38.

10. This is not the fault of Defendants, and Defendants should not be punished – as Plaintiff unreasonably requests – for Plaintiff's failures. This is especially true where Plaintiff had ample opportunity to complete these depositions earlier and simply chose not to do so. This was the case with Plaintiff's delays regarding all discovery in this case. *See* **Exhibit 1-C**.

11. Attached hereto as Exhibit 1-A is a true and correct copy of email correspondence between my firm and Plaintiff's counsel's firm between February 7, 2025 and April 23, 2025, as printed from Outlook.

12. Attached hereto as Exhibit 1-B is a true and correct copy of email correspondence

between my firm and Plaintiff's counsel's firm between May 27, 2025 and June 25, 2025, as printed from Outlook.

13. Attached hereto as Exhibit 1-C is a true and correct copy of email correspondence between my firm and Plaintiff's counsel's firm between June 23, 2025 and July 17, 2025, as printed from Outlook.

I declare under penalty of perjury under the laws of the State of Texas and the United States of America that the foregoing is true and correct, and that this declaration is executed on August 28, 2025, at Houston, Harris County, Texas.

*/s/ Lema Mousilli*
Lema Mousilli

P a g e  **4 | 4**

[DECLARATION OF LEMA MOUSILLI IN SUPPORT OF DEFENDANTS/COUNTER-PLAINTIFFS' RESPONSE TO (D.I. 41) SHIELD INDUSTRIAL COATING, LLC'S MOTION FOR SUMMARY JUDGMENT]         Case No.: 4:24-CV-01753-AHB