UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHIELD INDUSTRIAL COATINGS, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-01753 |
| § | |
| SHIELD LINERS, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are Third-Party Defendants Michael Witt and Kraig Killough's Amended Motion to Dismiss (the "Motion to Dismiss") (Doc. #18) and Defendants Shield Liners, LLC, Colton W. Fultz, and Jessica Fultz's Response (Doc. #22). Having considered the parties' arguments and the applicable legal authorities, the Court grants the Motion to Dismiss in part.

On May 9, 2024, Plaintiff Shield Industrial Coatings, LLC ("Plaintiff") filed suit in this Court against Defendants Shield Liners, LLC, Colton W. Fultz, and Jessica Fultz (collectively, "Defendants"), alleging violations of the Lanham Act, the Computer Fraud and Abuse Act, the Texas Theft Liability Act, as well as claims for breach of fiduciary duty and conspiracy. Doc. #1. ¶¶ 36–68. Plaintiff alleges that its former officer/employee, Defendant Colton W. Fultz, and his wife, Defendant Jessica Fultz, secretly created a rival company, Defendant Shield Liners, LLC, and fraudulently misappropriated Plaintiff's intellectual property, accounts receivables, supplies, and equipment for the benefit of themselves and the rival company. *Id.* ¶¶ 7–34. On July 29, 2024, Defendants filed an Amended Answer, asserting third-party claims against Third-Party Defendants Michael Witt and Kraig Killough (collectively, "Third-Party Defendants"). Doc. #14.

1

Specifically, Defendants assert third-party claims for (1) fraud; (2) fraud by non-disclosure; and (3) breach of fiduciary duty. Doc. #14 ¶¶ 121–147. On September 10, 2024, the Third-Party Defendants filed the instant Motion to Dismiss.[1] Doc. #18.

A complaint may be dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1955)). Plausibility exists when the complaint includes factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must show more than a "sheer possibility that a defendant has acted unlawfully," and pleading facts that are "'merely consistent with' a defendant's liability" will not suffice. *Id.* Courts accept "the well-pleaded factual allegations in the complaint as true" but do "not credit conclusory allegations or allegations that merely restate the legal elements of a claim." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). In considering a motion to dismiss, a court may consider the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

The Third-Party Defendants first seek dismissal of the fraud claim, contending that Defendants' allegations fail to satisfy the heightened pleading requirements of Rule 9(b). Doc. #18 at 4–5. The elements of a fraud claim under Texas law are: "(1) a misrepresentation that (2)

---

[1] The Court notes that the Motion to Dismiss only seeks dismissal of the fraud and breach of fiduciary claims. The Third-Party Defendants do not specifically move to dismiss the fraud-by-non-disclosure claim. Therefore, the Court does not address that claim in this Order. *See E.M. b/n/f Guerra v. San Benito Consol. Indep. Sch. Dist.*, 374 F. Supp. 3d 616, 623 (S.D. Tex. 2019) ("Where a defendant does not address a claim in their motion to dismiss, a district court may decline to address whether the plaintiff's pleading of that claim is adequate.").

the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins.*, 51 S.W.3d 573, 577 (Tex. 2001)). Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to "state with particularity the circumstances constituting fraud." FED. R. CIV. P 9(b). This requires stating "the who, what, when, where, and how." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Here, Defendant Colton W. Fultz alleges that the Third-Party Defendants represented that "he was a one-third owner in Shield Industrial and that he would be paid an annual salary of $90,000 for his work." Doc. #14 ¶ 124. These representations were made in "January and February 2020, and again . . . on May 13, 2021." *Id.* Defendant Colton W. Fultz further alleges that the Third-Party Defendants knew these statements were false or made them recklessly, and that he relied on them "in quitting his full-time job . . . and investing significant time and resources to develop Shield Industrials." *Id.* ¶¶ 125, 128. As a result, Defendant Colton W. Fultz claims to have suffered damages. *Id.* ¶ 131. Accordingly, the Court finds that Defendants have stated a third-party claim for fraud with sufficient particularity to satisfy the "the who, what, when, where, and how" requirements of Rule 9(b).

Next, the Third-Party Defendants move to dismiss the third-party claim for breach of fiduciary duty. Doc. #18 at 5–6. The Third-Party Defendants argue that as members of Shield Industrial Coatings, LLC, they do not owe Defendant Colton W. Fultz a fiduciary duty. *Id.* The Court agrees. Under Texas law, members in a limited liability company do not owe a formal fiduciary duty to one another. *See Gill v. Grewal*, 2020 WL 3171360, at *20 (S.D. Tex. June 15, 2020). And, although an informal fiduciary relationship may under certain circumstances exist

3

between members, Defendants fail to plead any facts to suggest that such is the case here. *See Daughtry v. Silver Fern Chem., Inc.*, No. 1:23-CV-343, 2024 WL 2211005, at *13 (E.D. Tex. May 16, 2024), *aff'd*, 138 F.4th 210 (5th Cir. 2025) (explaining that informal fiduciary relationships in business contexts are disfavored and require a "special relationship of trust and confidence [that] existed prior to, and apart from," the transaction at issue). Accordingly, the third-party claim for breach of fiduciary duty is dismissed.

For the foregoing reasons, the Third-Party Defendants' Motion to Dismiss (Doc. #18) is GRANTED as to Defendants' breach of fiduciary claim and DENIED as to Defendants' fraud claim. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court grants Defendants leave to amend. Defendants are granted fourteen (14) days from the entry of this Order to amend their third-party claims against Third-Party Defendants Michael Witt and Kraig Killough. If Defendants elect to amend, the parties shall confer and submit a proposed amended scheduling order within fourteen (14) days of the amended pleading.

It is so ORDERED.

SEP 2 9 2025
Date

The Honorable Alfred H. Bennett
United States District Judge