UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIELD INDUSTRIAL COATINGS, LLC<br>    *Plaintiff/Counter-Defendant,*<br><br>v.<br><br>SHIELD LINERS, LLC,<br>COLTON W. FULTZ, and JESSICA FULTZ,<br>    *Defendants/Counter-Plaintiffs/Cross-Plaintiffs*<br><br>v.<br><br>MICHAEL WITT AND KRAIG KILLOUGH<br>    *Third-Party Defendants/Cross-Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:24-cv-01753<br><br>JURY DEMANDED |

## MOTION FOR CONTINUANCE

Plaintiff/counterdefendant Shield Industrial Coatings LLC ("Shield") and third-party defendants Michael Witt ("Witt") and Kraig Killough ("Killough") (collectively, "Movants") file this Motion for Continuance of the current November 7th docket call and November 10th trial date, seeking a continuance of 120 days.

### Background

1.  This trademark infringement suit was filed in May 2024 and Third-Party Defendants Witt and Killough were added as parties in June 2024. There are currently two motions for partial summary judgment pending: Shield's motion seeking summary judgment on its Texas Theft Liability claim [Doc 40], and Shield's motion for summary judgment as to Counter-Plaintiffs' declaratory judgment and *quantum meruit* claims [Doc 41].

2.  Also, the Court's September 29th order [Doc 45] granting in part Witt and Killough's motion to dismiss allows Defendants until October 13th to amend their pleadings. This

is after Defendants' deadline to submit their proposed pretrial order to undersigned counsel. [Doc 28].

3. Undersigned counsel has numerous upcoming trial and arbitration hearings that make preparing for this trial difficult:

| Case Name | Court | Trial Date | Continuance? |
|---|---|---|---|
| *Smokewagon*[1] | 104th District Court Taylor County | Oct 24, 2025 | Expected[2] |
| *Village ER*[3] | 215th District Court Harris County | Oct 27, 2025 | Unknown[4] |
| *Patel*[5] | 268th District Court Fort Bend County | Oct 28, 2025 | Unlikely[6] |

---

[1]  Cause no. 29128-B, *Smokewagon Holdings LLC d/b/a Horseshoe RV Park 2 v. CRC2 Development LLC, et al.*

[2]  Undersigned counsel filed an opposed motion for continuance but the parties have since agreed and that amended motion should be filed shortly.

[3]  Cause no. 2023-83736, *Village Emergency Room LLC et al. v. North Houston Surgical Hospital, LLC, et al.*

[4]  The Village ER case is currently third on the docket and is expected to take 3 – 4 days. Although it lists as fifth on the Harris County District Courts website, one of the cases ahead of it has settled and another was continued to March 2026, as outlined in Pennell's declaration. Undersigned counsel has a pending unopposed motion for continuance filed and set for submission on Oct 20th, but the 215th previously denied a joint motion for continuance.

[5]  Cause no. 16-DCV-237545, *Patel v. Hoiden et al*.

[6]  *Patel* is a nine-year old case.

| | | | |
|---|---|---|---|
| *Global Disaster*[7] | Arbitration before the Hon. Michael Landrum | Nov 17, 2025 | Unknown[8] |

*Smokewagon* is expected to be continued and *Global Disaster* likely will be if this continuance is denied, but *Patel* is likely to go as a nine-year old case and *Village ER* is third on the docket and a prior joint motion for continuance was denied.

4. What created this logjam, aside from the normal vicissitudes of trial dockets, is that undersigned counsel had assigned this case, *Smokewagon*, and *Village ER* to his associate, Will Aldrete, to handle all pretrial and trial matters. Aldrete recently resigned from the firm.[9] The *Patel* and *Village ER* conflicting trial settings were unavoidable but undesigned counsel set the *Global Disaster* final hearing not realizing that his associate, who has been entirely responsible for handling this case, would leave. Undersigned counsel currently has no associates available to assist.[10]

## Argument & Authorities

5. Granting or refusal of a continuance is a matter of judicial discretion and the trial court's judgment will not be reversed unless abuse is shown. *See Smith-Weik Machinery Corp. v. Murdock Mach. & Engineering Co.*, 423 F.2d 842, 844 – 45 (5th Cir. 1970) (Wisdom, J.). In *Smith-*

---

[7] Cause no. 23-5404-431, *Global Disaster Recovery Inc. v. Crestmark Construction Services, LLC*, in the 431st judicial district court of Denton County, Texas. This case is currently in arbitration before the Hon. Michael Landrum.

[8] If the motion for continuance is denied, then undersigned counsel expects that Judge Landrum will reset the final arbitration hearing. A letter from Judge Landrum regarding the final hearing is attached as Exh B.

[9] *See* Exh A (Pennell Dec). All facts in Pennell's declaration are incorporated by reference as if set forth fully herein.

[10] *See id.*

*Weik*, the Fifth Circuit held that it was error to deny a continuance based on unavailability of lead counsel. *Id.* at 843 – 45. That case involved a lead counsel who had fallen ill with the flu. *Id.* at 843 n.1. The trial judge denied the continuance because the plaintiffs had been in Dallas awaiting trial. *Id.* at 843 n.1. Local counsel for the defendant was not prepared to try the case but did the best he could under difficult circumstances, eventually losing and resulting in a judgment in favor of the plaintiff. *Id.* at 843 n.1. The Fifth Circuit reversed and remanded for trial. *Id.* at 843. Although that case appeared to be a simple breach of contract, there were a number of hotly contested legal questions, including proper application of accord and satisfaction, propriety of awarding anticipatory profits, and right to punitive damages. *Id.* at 844. The court reasoned that the illness of defendant's principal attorney and local counsel's relative unfamiliarity with the case "tipped the scales so heavily in favor of the plaintiff as to effectually deprive the defendant of its rightful day in court." *Id.* at 844.

6. This case is obviously distinguishable as undersigned counsel is not ill, but it is instructive and weighs in favor of a continuance. Movants are entitled to be represented by counsel, and Shield Industrial Coatings LLC, as an entity, cannot proceed *pro se*. There are no other lawyers in undersigned counsel's firm who can be prepared to try this case, as undersigned counsel is now a solo practitioner. Undersigned counsel has had minimal involvement in this case until recently, when his associate resigned.[11]

7. It is possible that none of the other cases for which undersigned counsel is responsible for are called to trial, but the *Patel* case is nine years old. It is also quite possible that undersigned counsel tries *Patel* beginning Oct 28th, then gets called to trial the following week in the *Village ER* case, which would take undersigned counsel through Friday, November 7th, which

---

[11] *See* Exh A (Pennell Dec).

would conflict with docket call and leave virtually no time to prepare for this trial on November 10th. The court could call this case the second week beginning November 17th, in which case undersigned counsel would have to request another rest of the *Global Disaster* case, which has already been reset twice. Obviously, it is expected that the arbitrator, the Hon Michael Landrum, would reset the final hearing in *Global Disaster*, but out of respect for everyone concerned – the parties in this case, the arbitrator, and the parties in *Global Disaster*, and this Court – undersigned counsel deems it prudent to raise this issue now rather than on the eve of trial.

8. Section 3 of Your Honor's procedures state as follows: "To continue the dispositive motion deadline or docket call date, the parties must submit a motion detailing a reasonable explanation that takes into consideration the current age and status of the case and whether the opposing party is prejudiced by further delay". Movants submit that any prejudice to opposing parties is minimal. This is the first trial setting; there are summary judgment motions pending; and the Court's order on the motion to dismiss anticipates that defendants may replead and gives them until October 13th, which is after their October 10th deadline to submit a draft joint pretrial report. Undersigned counsel is unaware of any other facts which would prejudice defendants from a four-month reset of the trial date, as interest would compensate them for any damages they might obtain at trial.

**Prayer**

Movants pray that this motion for continuance be granted and the case reset to March 2026. This continuance is not sought for delay but so that justice may be done.

Respectfully submitted,

  /s/ Kevin Pennell
Kevin Pennell
Texas Bar No. 24046607
Fed ID no. 583414
PENNELL LAW FIRM PLLC
19 Briar Hollow Lane, Suite 110
Houston, Texas 77027
Telephone: (713) 965-7568
Facsimile: (713) 583-9455
kevin@pennellfirm.com

ATTORNEY FOR PLAINTIFF AND THIRD-PARTY DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been e-served on all counsel entitled to same on this 10th day of October 2025.

  /s/ Kevin Pennell

## CERTIFICATE OF CONFERENCE

I certify that I conferred with opposing counsel and they are opposed to the relief requested in this motion.

  /s/ Kevin Pennell