UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIELD INDUSTRIAL COATINGS, LLC<br>*Plaintiff/Counter-Defendant,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-01753 |
| SHIELD LINERS, LLC,<br>COLTON W. FULTZ, and JESSICA FULTZ,<br>*Defendants/Counter-Plaintiffs/Cross-Plaintiffs* | § § § § § | JURY DEMANDED |
| v. | § § | |
| MICHAEL WITT AND KRAIG KILLOUGH<br>*Third-Party Defendants/Cross-Defendants* | § § § § | |

### DECLARATION OF KEVIN PENNELL

Pursuant to 28 U.S.C. § 1746, I declare as follows:

1. My name is Kevin Pennell. I am over 18 years of age, of sound mind and body, have never been convicted of a felony or crime involving moral turpitude, and am otherwise competent to testify. All facts in this declaration are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice law in the state of Texas since November 2004. My bar card no. is 24046607.

3. I am admitted to practice in the Southern District of Texas under ID no. 583414.

4. I am attorney-in-charge for plaintiff / counterdefendant Shield Industrial Coatings LLC and third-party defendants Kraig Killough and Michael Witt.

5. My firm was first engaged on this case in late April / early May 2025 to take over for Bob Wynne and the Wynne Law Firm. We filed an unopposed motion to substitute on May 9, 2025 [Doc 29] which was granted one week later [Doc 31].

6. At the time my firm took over this case, I had two associates, Nina Bennis and Will Aldrete.

7. Nina began working for me about two years ago as a law clerk and became an associate after she passed the bar. She resigned in the summer and I transferred her docket, which consisted exclusively of smaller cases (primarily in Justice of the Peace courts and County Civil Courts) to Will Aldrete.

8. Will Aldrete began working for me about one year ago. He graduated from SMU Law School in 2016. I assigned larger cases, including this one, to him. He would occasionally report to me with questions or concerns but I spent very little time reviewing his work.

9. Aldrete handled everything in this case. Everything that was filed or served, he drafted subject to my review, which was minimal.

10. I am lead counsel for Global Disaster Recovery, Inc. in cause no. 23-5404-431, *Global Disaster Recovery, Inc. v. Crestmark Construction Services, LLC*, in the 431st judicial district court of Denton County (the "Global Disaster Case").

11. The Hon. Michael Landrum was appointed as arbitrator of the Global Disaster Case. That final hearing was originally scheduled for January 2025, but I requested a continuance after Crestmark hired new counsel, Bob Holmes, who filed a counterclaim about a week before that hearing. Judge Landrum reset the Global Disaster final hearing to mid-September 2025.

12. I am also counsel of record for Page Parkes and Page Parkes School of Modeling, Inc. in cause no. 2016-65721, *PP Fashion & Talent LLC et al v. Page Parkes, et al.*, in the 61st judicial district court of Harris County (the "Page Parkes Case").

13. The Page Parkes Case was set for trial in July 2025. Judge Schuchart continued that trial to September 16, 2025, which conflicted with the final hearing in the Global Disaster Case.

14. I immediately notified Judge Landrum and Crestmark's counsel Bob Holmes of the conflict. Holmes formally opposed a reset but understood the situation and asked to reset the final hearing in 2025 rather than push it to 2026.

12. I agreed to mid-November for the *Global Disaster* final hearing date because my only conflicting trial setting was this case, and I believed that Aldrete was more than competent to try this case as he was far more familiar with it than I am.

10. I was in jury trial the week of August 25, 2025 in cause no. 2022-24396, *Pham v. Do*, in the 151st district court of Harris County. On Friday, August 29th, I received Aldrete's resignation and two weeks' notice. I asked that he remain through September 15th as there was a hearing on a case that he'd worked on and I needed that day to prepare for trial in the Page Parkes Case. His resignation caught me completely by surprise. He did not take any cases or clients with him.

11. Trial before the bench in the Page Parkes Case began on Tuesday, September 16th and continued through Thursday, September 25th.

12. I have worked diligently to catch up on all the work that came in while I was in trial and also maintain my former associates' dockets. I have interviews scheduled with

potential law clerks and associates but have not hired anyone yet, nor do I know if anyone I hire will have the experience necessary to help me prepare for trial.

13. As of today, I have four cases set for trial the last week of October.

14. Cause no. 29128-B, *Smokewagon LLC v. CRC2 Development LLC et al.*, in the 104th judicial district court of Taylor County is set for trial October 24. This was a case I accepted but did no work on. Aldrete did all the work on this case. I filed an opposed motion for continuance but received notice that the other parties would agree to a continuance. Once I receive their authorization to sign the Amended Agreed Motion for Continuance, we will file that with the court. I expect that case to be continued.

15. Cause no. 2023-83736, *Village Emergency Room LLC et al. v. North Houston Surgical Hospital, et al.*, in the 215th judicial district court of Harris County, Texas is set for trial on the two-week docket beginning October 27th. This is the second trial setting. Aldrete handled this case entirely on his own. Plaintiff's counsel does not oppose a continuance so I filed an unopposed motion on October 8, 2025 which is set for submission on Monday, October 20th. However, Judge Milliron denied a joint motion for continuance previously filed in this case. Although this case shows as fifth on the docket on the Harris County district courts' website, one of the cases ahead of it, cause no. 2023-26867, includes a notice of settlement filed September 24, 2025 and another, cause no. 2023-76740, includes an order continuing the case to March 2026. I believe that the Harris County district court website just hasn't been updated yet, and once it is, the *Village ER* case will be listed as third on the docket.

16. Cause no. 16-DCV-237545, *Patel v. Hoiden et al.*, in the 268th judicial district court of Fort Bend County, is set for trial on Tuesday, October 28th. This is a nine-year-old case. I do not expect it to be continued.

17. Cause no. SC2250008, *Locatelli v. 1 Texas Grand Ranch Property Owners Association, Inc.*, in the Justice of the Peace, Precinct 2 of Walker County, is set for trial October 28th. This is a case I took for Nina Bennis to handle but it is now my responsibility as she left. I filed an unopposed motion for continuance and expect this case to be reset, and I certainly do not expect a United States District Court to continue a case because of a conflicting setting in Justice of the Peace court, but I mention it here only to be thorough.

18. I have no way of knowing whether any of these cases will be assigned to trial or not, or even when I can expect a ruling on the continuances. I am preparing as though *Patel* will be assigned to, and commence, trial on Oct 28th and *Village ER* will be assigned to, and commence, trial the following week.

11. I honestly do not know how I will prepare for and try both *Patel* and *Village ER* if called upon to do so. Both are commercial disputes including allegations of fraud. Trial in both cases is by jury and expected to last at least 3 – 4 days.

12. I fear that, if this case is not continued, my representation of my clients in *Patel* and *Village ER* case will suffer. I also fear that my representation of my clients in this case will suffer, especially if I am in trial in *Patel* and *Village ER* the weeks of October 27th and November 3rd. I already have minimal time to meet with my clients in this case to prepare them for trial and fear that any pretrial preparation

will be ineffective if there is an interlude of two-plus weeks between the time of trial preparation and trial.

13. It is possible that these issues work themselves out and leave me with sufficient time to prepare for and try this case on November 10th or thereafter. I am familiar with Local Rule 7.3, which states that opposed motions are submitted 21 days after filing. I have tried to get as much clarity as I can regarding my current trial obligations but do not think it wise to wait any longer to file this motion.

14. Although I do not expect this Court to continue this case solely for an arbitration hearing, I do respectfully note that the *Global Disaster* arbitration was reset before due to the reset of the Page Parkes Case. I would never have agreed to a mid-November date for the *Global Disaster* final hearing had I known that my associate would resign. I would expect Judge Landrum to reset that hearing if this motion is denied, but Crestmark's counsel and Judge Landrum have been very accommodating and, to the extent the Court can take their interests into account, I respectfully ask that it do so.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 10th day of October 2025 in Harris County, Texas.

_____
Kevin Pennell