UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIELD INDUSTRIAL COATINGS, LLC,<br>*Plaintiff,* | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:24-cv-01753 |
| SHIELD LINERS, LLC,<br>COLTON W. FULTZ, and JESSICA FULTZ,<br>*Defendants* | § § § § | JURY DEMANDED |
| v. | § § § | |
| MICHAEL WITT AND KRAIG KILLOUGH,<br>*Third-Party Defendants.* | § § § | |

### ORIGINAL ANSWER TO AMENDED THIRD PARTY CLAIMS
(BY MICHAEL WITT AND KRAIG KILLOUGH)

Expiration of the Oct 13th deadline for Third-Party Plaintiffs to amend, provided in this Court's Sept 29, 2025 Order [Doc 45], having passed, Third-Party Defendants Michael Witt and Kraig Killough file this Original Answer to the Third-Party Claims against it filed by Defendants Colton W. Fultz and Jessica Fultz [Doc 14], and in support would show, as follows:

86. The allegations in Paragraph 86 contain legal conclusions and do not require a response.

87. The allegations in Paragraph 87 are admitted.

88. The only allegations in Paragraph 88 which are admitted is that Defendant resides in Texas. The remaining allegations concerning his purported membership interest in Shield Industrial Coatings, LLC are denied.

89. The allegations in Paragraph 89 are admitted.

90. The allegations in Paragraph 90 are admitted.

91. The allegations in Paragraph 91 are admitted

92. The allegations in Paragraph 92 are admitted.

93. The allegations in Paragraph 93 are admitted.

94. The allegations in Paragraph 94 are admitted.

95. Admit that Third-Party Defendant Killough was brought in as the monetary investor for Shield Industrial Coatings LLC. Otherwise, deny.

96. Admit that it was agreed that Third-Party Plaintiff Colton Fultz would receive a salary from Shield Industrial Coatings LLC. Otherwise, deny.

97. The allegations in Paragraph 97 are denied.

98. The allegations in Paragraph 98 are denied.

99. Admit that Third-Party Defendant Witt and Third-Party Plaintiff Fultz exchanged text messages. Otherwise, deny.

100. The allegations in Paragraph 100 are denied.

101. The allegations in Paragraph 101 are denied.

102. The allegations in Paragraph 102 are denied.

103. The allegations in Paragraph 103 are denied.

104. The allegations in Paragraph 104 are denied.

105. The allegations in Paragraph 105 are denied.

106. The allegations in Paragraph 106 are denied.

107. The allegations in Paragraph 107 are denied.

108. The allegations in Paragraph 108 are denied.

109. The allegations in Paragraph 109 are denied.

110. The allegations in Paragraph 110 are denied.

111. The allegations in Paragraph 111 are denied.

112. The allegations in Paragraph 112 are denied.

113. The allegations in Paragraph 113 are denied.

114. The allegations in Paragraph 114 are denied, except that it is admitted that there are only two members in Shield Industrial Coatings, LLC.

115. The allegations in Paragraph 115 are denied.

116. The allegations in Paragraph 116 are denied.

117. The allegations in Paragraph 117 are denied.

118. The allegations in Paragraph 118 are denied.

119. The allegations in Paragraph 119 are denied.

120. The allegations in Paragraph 120 are denied.

121. The allegations in Paragraph 121 are denied.

122. The allegations in Paragraph 122 are denied.

123. The allegations in Paragraph 123 are denied.

124. The allegations in Paragraph 124 are denied.

125. The allegations in Paragraph 125 are denied.

126. The allegations in Paragraph 126 are denied.

127. The allegations contained in Paragraph 127 are denied.

128. The allegations contained in Paragraph 128 are denied.

129. The allegations contained in Paragraph 129 are denied.

130. The allegations contained in Paragraph 130 are denied.

131. The allegations contained in Paragraph 131 are denied.

132. The allegations contained in Paragraph 132 are denied.

133. The allegations contained in Paragraph 133 are denied.

134. The allegations contained in Paragraph 134 are denied.

135. The allegations contained in Paragraph 135 are denied.

136. The allegations contained in Paragraph 136 are denied.

137. The allegations contained in Paragraph 137 are denied.

138. The allegations contained in Paragraph 138 are denied.

139. The allegations contained in Paragraph 139 are denied.

140. The allegations contained in Paragraph 140 are denied.

141. The allegations contained in Paragraph 141 are denied.

142. The allegations contained in Paragraph 142 are denied.

143. The allegations contained in Paragraph 143 are denied as moot. Third-Party Plaintiffs fiduciary duty claims were dismissed by the Court on Sept 29, 2025 [Doc 45]. That order granted Third-Party Plaintiffs until Oct 13, 2025 to re-plead. Third-Party Plaintiffs did not do so.

144. The allegations contained in Paragraph 144 are denied as moot. Third-Party Plaintiffs fiduciary duty claims were dismissed by the Court on Sept 29, 2025 [Doc 45]. That order granted Third-Party Plaintiffs until Oct 13, 2025 to re-plead. Third-Party Plaintiffs did not do so.

145. The allegations contained in Paragraph 145 are denied as moot. Third-Party Plaintiffs fiduciary duty claims were dismissed by the Court on Sept 29, 2025 [Doc 45]. That order granted Third-Party Plaintiffs until Oct 13, 2025 to re-plead. Third-Party Plaintiffs did not do so.

146. The allegations contained in Paragraph 146 are denied as moot. Third-Party Plaintiffs fiduciary duty claims were dismissed by the Court on Sept 29, 2025 [Doc 45]. That order granted Third-Party Plaintiffs until Oct 13, 2025 to re-plead. Third-Party Plaintiffs did not do so.

147. The allegations contained in Paragraph 147 are denied as moot. Third-Party Plaintiffs fiduciary duty claims were dismissed by the Court on Sept 29, 2025 [Doc 45]. That order granted

Third-Party Plaintiffs until Oct 13, 2025 to re-plead.  Third-Party Plaintiffs did not do so.

148.    The allegations contained in Paragraph 148 are denied.

149.    The allegations contained in Paragraph 149 contain legal conclusions and do not require a response.

## THIRD-PARTY DEFENDANTS' AFFIRMATIVE DEFENSES

150.    Third-Party Defendants assert the affirmative defense of the statute of frauds.

151.    Third-Party Defendants assert the affirmative defense of ratification.

152.    As to fraud by nondisclosure, Third-Party Defendants assert the affirmative defense that Third-Party Plaintiffs had knowledge of all facts.

153.    Third-Party Defendants assert the affirmative defense that Third-Party Plaintiff Jessica Fultz lacks standing to bring fraud claims against Third-Party Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Third-Party Defendants Michael Witt and Kraig Killough respectfully request that the Court enter judgment against Third-Party Plaintiffs on their and grant them the following relief:

A.    That the Court dismiss the Third-Party claims in their entirety with prejudice, denying Third-Party Plaintiffs all relief, and find that Third-Party Plaintiffs take nothing; and

B.    That the Court grant Michael Witt and Kraig Killough all such other and further relief as the Court deems appropriate and just under the circumstances.

Respectfully submitted,

　_/s/ Kevin Pennell_
Kevin Pennell
Texas Bar No. 24046607
Fed ID no. 583414
PENNELL LAW FIRM PLLC
19 Briar Hollow Lane, Suite 110
Houston, Texas 77027
Telephone: (713) 965-7568
Facsimile: (713) 583-9455
kevin@pennellfirm.com

ATTORNEY FOR PLAINTIFF AND THIRD-PARTY DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been e-served on all counsel entitled to same on this 17th day of October 2025.

　_/s/ Kevin Pennell_