IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIELD INDUSTRIAL COATINGS, LLC, <br>    *Plaintiff/Counter-Defendant*, <br><br> V. <br><br> SHIELD LINERS, LLC, COLTON W. FULTZ, and JESSICA FULTZ, <br>    *Defendants/Counter-Plaintiffs/Cross-Plaintiffs*, <br><br> V. <br><br> MICHAEL WITT and KRAIG KILLOUGH, <br>    *Third-Party Defendants/Cross-Defendants*. | § § § § § § § § § § § § § § § § § § § | CIVIL CASE NO. 4:24-CV-01753-AHB <br><br> **(JURY DEMANDED)** |

**DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFFS' RESPONSE IN OPPOSITION TO PLAINTIFF AND THIRD-PARTY DEFENDANTS' MOTION FOR CONTINUANCE**

**TO THE HONORABLE JUDGE OF SAID COURT**:

    **COME NOW**, Defendants/Counter-Plaintiffs/Cross-Plaintiffs Shield Liners, LLC **("Shield Liners"), Colton W. Fultz ("C. Fultz"), and Jessica Fultz ("J. Fultz") (collectively, "Defendants")**, and file this *Response in Opposition to Plaintiff/Counter-Defendant Shield Industrial Coatings, LLC and Third-Party Defendants Michael Witt and Kraig Killough's Motion for Continuance* (the "**Response**"), and respectfully show as follows:

### I. INTRODUCTION

1.    Movants seek to continue the November 7, 2025 docket call and the November 10, 2025 trial by one hundred twenty (120) days, into March 2026. Their stated grounds are (i) uncertain or

RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTINUANCE

speculative settings in other matters, (ii) an internal staffing change leaving current counsel solo, and (iii) the pendency of partial summary-judgment motions in the instant case. Movants have not provided the required reasonable, case-specific explanation that accounts for the age and posture of this case and avoids prejudice to Defendants. For these reasons, the Motion should be denied.

## II. ARGUMENT & AUTHORITIES

2. A district court's denial of a motion to continue is reviewed for abuse of discretion. Johnston v. Harris County Flood Control Dist., 869 F.2d 1565, 1570 (5th Cir.1989); Fontenot v. Upjohn Co., 780 F.2d 1190, 1193 (5th Cir.1986). The district court's discretion is "exceedingly wide." Fontenot, 780 F.2d at 1193. Exceptional circumstances may warrant relief. However, routine scheduling pressures or staffing changes, without more, do not. Any request should be narrowly tailored to a concrete, demonstrated conflict rather than an open-ended reset.

### A. The asserted conflicts are insufficient to justify a four-month reset

3. Movants describe other proceedings in terms of expectations and possibilities (matters that "may" be reached, "likely" settings, or proceedings they "expect" to be moved). Such contingencies do not establish that trying this case as scheduled is impracticable. Moreover, a blanket 120-day delay is not narrowly tailored to any specific, proven conflict.

### B. An internal staffing change is not good cause to disturb a firm setting

4. Movants cite an associate's resignation and counsel's current solo status. Law-practice staffing transitions are foreseeable and, standing alone, do not supply good cause to move a trial setting, particularly where this case has been actively litigated and counsel has had ample notice of the current schedule.

### C. Pending motions are routine litigation events

RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTINUANCE

5.  The existence of pending summary-judgment motions does not, by itself, justify moving a trial setting. Those are ordinary features of federal practice that can be accommodated without a four-month delay.

**D. Prejudice and case-management considerations weigh against continuance**

6.  A four-month reset would increase cost, risk staleness of evidence, and prolong uncertainty. Defendants have prepared to meet the existing settings and further delay would prejudice them. Unfortunately, Movants have not carried their burden to show a reasonable explanation that both accounts for the case's posture and avoids undue prejudice.

### III. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendants respectfully request that the Court deny the Motion for Continuance. In the alternative, should the Court be inclined to grant any relief, Defendants request that replacement settings be firm and promptly set.

DATED: October 31, 2025                Respectfully submitted,

**MOUSILLI LAW, PLLC**

11807 Westheimer Road
Suite 550, PMB 624
Houston, TX 77077
Tel: (281) 305-9313

*/s/ Lema Mousilli*
Lema Mousilli
Texas State Bar No. 24056016
lema@mousilli.com
service@mousillilaw.com

**ATTORNEY FOR DEFENDANTS/COUNTER-PLAINTIFFS/CROSS-PLAINTIFFS**

RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONTINUANCE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, and any attachments, will be served on all counsel of record, in accordance with the governing rules of procedure regarding service on this **October 31, 2025**, via *electronic filing manager*.

> */s/ Lema Mousilli*
> Lema Mousilli