UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIELD INDUSTRIAL COATINGS, LLC<br>    *Plaintiff/Counter-Defendant,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-01753 |
| SHIELD LINERS, LLC,<br>COLTON W. FULTZ, and JESSICA FULTZ,<br>    *Defendants/Counter-Plaintiffs/Cross-Plaintiffs* | § § § § § | JURY DEMANDED |
| v. | § § | |
| MICHAEL WITT AND KRAIG KILLOUGH<br>    *Third-Party Defendants/Cross-Defendants* | § § § § | |

**REPLY IN SUPPORT OF MOTION FOR CONTINUANCE [DOC 46]**

When undersigned counsel moved for a continuance [doc 46], he was looking at potentially four consecutive weeks of trial in four separate cases. Mercifully, that did not happen. There is still a potential conflict with the *Global Disaster* arbitration but if this case is called for trial the week of Nov 17th, the arbitrator, the Hon Michael Landrum, will almost certainly reset that case. Undersigned counsel now also has a temporary injunction hearing scheduled for Friday, Nov 14th under cause no. 2025-80248, *Cimarron Energy Inc. v. Grant Martin et al.*, in the 295th judicial district court of Harris County, Texas. This was originally scheduled Oct 31st but the TRO was extended two weeks. As defendants / counterplaintiffs are eager to go to trial, undersigned counsel will make that work and asks only that, to the extent it can, the Court set trial for the week of Nov 10th and not Nov 17th so as not to require a reset of the *Global Disaster* case and allow undersigned counsel to attend the temporary injunction hearing on Nov 14th.

If this case is going to trial Nov 10th, the parties still need to complete the joint pretrial order and jury charge. Undersigned counsel sent a revised draft joint pretrial order to opposing counsel on Oct 17th but has yet to receive a response. The jury charge is also unfinished although the parties did exchange drafts after Oct 17th. All comments to the draft joint pretrial order and jury charge were filed with the court on Oct 24th. Undersigned counsel will work diligently to respond to opposing counsel so that the joint pretrial order and jury charge, to the extent it is agreed, can be filed.

The only other comment worth mentioning in this reply is that the joint pretrial order requires a statement that the parties have exhausted all settlement efforts. Undersigned counsel is not comfortable signing such a representation, so should the court reset this case, undersigned counsel will schedule a mediation with opposing counsel's preferred mediator as soon as possible so that the parties can exhaust settlement efforts and undersigned counsel can truthfully represent to the court that settlement efforts have been exhausted and the case will have to be tried. In fairness to opposing counsel, they did try to schedule a mediation the last week of Oct but undersigned counsel was reluctant to schedule mediation knowing there was a good chance it would have to be rescheduled due to a trial assignment.

If undersigned counsel erred in prematurely filing the motion for continuance, undersigned counsel humbly apologizes. Counsel wanted to respect opposing counsel by affording the full 21 days for responding to the motion and the Court by apprising it of potential scheduling challenges sooner rather than waiting until the last minute and then filing an emergency motion.

Respectfully submitted,

_/s/ Kevin Pennell_
Kevin Pennell
Texas Bar No. 24046607
Fed ID no. 583414
PENNELL LAW FIRM PLLC
19 Briar Hollow Lane, Suite 110
Houston, Texas 77027
Telephone: (713) 965-7568
Facsimile: (713) 583-9455
kevin@pennellfirm.com

ATTORNEY FOR PLAINTIFF AND THIRD-PARTY DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been e-served on all counsel entitled to same on this 3rd day of November 2025.

_/s/ Kevin Pennell_