United States District Court
Southern District of Texas
**ENTERED**
March 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| SHIELD INDUSTRIAL COATINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-01753 |
| | § | |
| SHIELD LINERS, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are Plaintiff Shield Industrial Coatings, LLC's ("Plaintiff") Motion for Summary Judgment (Doc. #40); Defendants Shield Liners, LLC ("Shield Liners"), Colton W. Fultz, and Jessica Fultz's (collectively, "Defendants") Corrected Response (Doc. #43); Plaintiff's Motion for Summary Judgment on Colton W. Fultz and Jessica Fultz's Claims for Declaratory Judgment and Quantum Meruit (the "Motion for Summary Judgment on Defendants' Counterclaims") (Doc. #41); and Defendants' Response (Doc. #44). Having considered the parties' arguments and the applicable legal authority, the Court denies both Motions for Summary Judgment.

This dispute arises from the breakdown of a business relationship between Plaintiff and Defendant Colton W. Fultz. Plaintiff contends that Mr. Fultz, while acting as an employee, removed company equipment and property without consent and used those assets to form a competing business. Doc. #1 ¶¶ 15–18. Defendants, by contrast, contend that Mr. Fultz was not merely an employee but a member-owner of the company with operational authority and a possessory interest in its assets. Doc. #14 ¶ 11; Doc. #43, Ex. 1. These competing characterizations of the parties' relationship—and the rights flowing from it—permeate the

summary judgment record.

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing FED R. CIV. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the nonmoving party.'" *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)). "In reviewing a summary judgment motion, the court must 'refrain from making credibility determinations or weighing the evidence' and must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Devon Enters., L.L.C. v. Arlington Indep. Sch. Dist.*, 541 F. App'x 439, 441 (5th Cir. 2013) (quoting *Equal Employment Opportunity Comm'n v. WC&M Enters.*, 496 F.3d 393, 398 (5th Cir. 2007)).

Plaintiff seeks summary judgment on its claim under the Texas Theft Liability Act ("TTLA"), which requires proof that the plaintiff had a superior right to possession of the property, that the defendant unlawfully appropriated the property without the plaintiff's effective consent, that the defendant intended to deprive the plaintiff of the property, and that the plaintiff suffered damages as a result. Doc. #40; Tex. Civ. Prac. & Rem. Code §§ 134.002–.003. The summary judgment record contains genuine disputes of material fact as to each of these elements.

2

As to possession, Plaintiff presents evidence that it purchased and maintained the equipment at issue, did not transfer ownership to Mr. Fultz, and did not consent to his retention of the property. Doc. #40, Ex. 1 ¶¶ 8–16; Doc. #40, Ex. 2. If credited, that evidence would permit a reasonable jury to find that Plaintiff had a superior right to possession of the property under Texas law. Defendants, however, present declaration-based evidence that Mr. Fultz had a membership interest in the company and participated in its operations consistent with that role. Doc. #14 ¶ 11; Doc. #43, Ex. 1. Viewing the record in the light most favorable to Defendants, a reasonable jury could conclude that Mr. Fultz had at least a co-equal right to possess the disputed property. Under Texas law, a person does not commit theft if he has an equal or greater right to possession of the property at issue. *See Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2019 WL 3933614, at *4 (E.D. Tex. Aug. 20, 2019). This threshold dispute over ownership and possessory rights precludes summary judgment.

The same factual disputes preclude resolution of whether any appropriation occurred without effective consent. Plaintiff relies on evidence that no agreement was reached to transfer the assets and that it did not consent to Mr. Fultz's retention of them. Doc. #40, Ex. 1 ¶¶ 10–16. But Defendants' evidence that Mr. Fultz acted as an owner with authority over company operations could support a finding that his possession and use of the property occurred with at least implied or apparent consent arising from the parties' course of dealing. Doc. #43, Exs. 4-7. Because the record supports competing reasonable inferences regarding whether any consent, express or implied, was given, the issue of effective consent cannot be resolved as a matter of law.

Nor can the Court resolve the element of intent to deprive. Plaintiff points to evidence that Mr. Fultz acknowledged possessing the equipment and stated, "You know we weren't robbed and you know I have everything," and that he was "working on a set up that will help me get things done more efficiently and is more beneficial for me." Doc. #40, Ex. 2. This evidence could

3

support an inference that Mr. Fultz intended to appropriate the property for his own benefit. At the same time, a reasonable jury could conclude that these statements reflect a dispute over business control or ownership rather than an intent to permanently deprive Plaintiff of the property, particularly in light of Defendants' evidence that Mr. Fultz believed he had an ownership interest in the company. Doc. #43, Ex. 1. Where the evidence permits competing reasonable inferences regarding intent, summary judgment is inappropriate.

Finally, Plaintiff presents evidence of damages, including the alleged loss and damage of specific equipment and associated replacement costs. Doc. #40, Exs. 1-3. Defendants dispute both liability and the extent of any damages. Doc. #43 at 18-21. Because liability and damages under the TTLA are intertwined with the disputed issues of ownership, consent, and intent, those issues must be resolved by a factfinder.

Plaintiff also seeks summary judgment on Defendants' counterclaims for declaratory judgment and quantum meruit. Doc. #41. Plaintiff argues that Defendants lack evidence of any ownership interest in the company. But Defendants present evidence that Mr. Fultz was treated as a member-owner, held out as such, and operated the business consistent with that role. Doc. #43 This evidence is sufficient to create a genuine dispute of material fact as to Mr. Fultz's alleged ownership interest and precludes summary judgment on the declaratory judgment claim.

With respect to quantum meruit, Texas law requires proof that the claimant rendered valuable services for the defendant, that the defendant accepted those services for its use and benefit, that the claimant reasonably notified the defendant that payment was expected, and that the claimant seeks the reasonable value of those services. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 762 (N.D. Tex. 2012). Defendants present evidence that they contributed labor, services, and resources to the business and did so with an expectation of compensation. Doc. #43 at 18–19. They further present evidence that these services were accepted and used in

4

operating the company. *Id.* Viewing this evidence in the light most favorable to Defendants, a reasonable jury could find that Defendants rendered valuable services with an expectation of compensation and that those services had some reasonable value. Plaintiff's arguments to the contrary go to the weight and credibility of the evidence, which cannot be resolved at summary judgment.

Plaintiff also requests that the Court exclude the declarations and testimony of Colton W. Fultz and Jessica Fultz based on alleged discovery deficiencies. Doc. #41. On this record, the Court declines to categorically exclude this evidence at the summary-judgment stage. Even assuming deficiencies in discovery, exclusion is not warranted where the evidence is based on personal knowledge and could be presented in admissible form at trial, and where the record does not establish sufficient prejudice or inability to cure to justify the drastic remedy of exclusion.

In conclusion, the record contains competing evidence on each of Plaintiff's claims and Defendants' counterclaims. Because a reasonable jury could find for Defendants on the TTLA claim and for Defendants on their counterclaims, summary judgment is not appropriate. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. #40) and Plaintiff's Motion for Summary Judgment on Defendants' Counterclaims (Doc. #41) are DENIED.

It is so ORDERED.

**MAR 3 0 2026**
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

5